| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>NI CREDITORS' TRUST | **DEFENDANTS**<br>OFFICE DEPOT, INC. |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Joseph A. Kelly and Griffin S. Dunham<br>MGLAW, PLLC, 2525 West End Ave., Suite 1475<br>Nashville, TN 37203 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This adversary proceeding is brought pursuant to and under Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking relief in accordance with §§ 547, 548, 549, and 550 of the Bankruptcy Code.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ [1] 12-Recovery of money/property - §547 preference
☒ [2] 13-Recovery of money/property - §548 fraudulent transfer
☒ [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ [4] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>NUKOTE INTERNATIONAL, INC., et al. | BANKRUPTCY CASE NO.<br>3:09-06240 | |
| DISTRICT IN WHICH CASE IS PENDING<br>MIDDLE DISTRICT OF TENNESSEE | DIVISION OFFICE<br>NASHVILLE | NAME OF JUDGE<br>LUNDIN |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>GRIFFIN S. DUNHAM, ESQ. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 3:09-06240 |
| | ) | Chapter 11 |
| NUKOTE INTERNATIONAL, INC., et al., | ) | Judge Lundin |
| | ) | |
| Debtors. | ) | JOINTLY ADMINISTERED |
| _____ | ) | |
| | ) | |
| NI CREDITORS' TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR AVOIDANCE OF PREPETITION TRANSFERS

The NI Creditors' Trust (the "Trust"), by and through its undersigned counsel, and pursuant to §§ 547, 548, 549, and 550 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), hereby files this Complaint for Avoidance of Prepetition Transfers. In support hereof, the Trust alleges as follows:

## JURISDICTION AND VENUE

1.     This adversary proceeding is brought pursuant to and under Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking relief in accordance with §§ 547, 548, 549, and 550 of the Bankruptcy Code.

2.     This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 1334(b) and 157(a) and (b).

3.     This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

4.     Venue of this adversary proceeding in this district is proper pursuant to 28 U.S.C. § 1409(a).

## **BACKGROUND**

5.     On June 3, 2009 (the "Petition Date"), Nukote International, Inc., Nukote Imperial, Ltd., International Communication Materials, Inc., Envirosmart, Inc., and Black Creek Holdings, Ltd., (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.     The Debtors, together with their non-debtor affiliates, were independent manufacturers and distributors of supplies for office and home printing devices. The Debtors manufactured and/or distributed products including ink jet and laser toner cartridges; cartridge refill kits; ribbons, inkrollers, and lift-off tapes; copier toner; and thermal fax ribbons for use in a variety of models of impact and non-impact printing mechanisms. The Debtors' remanufactured ink jet and laser toner cartridge operations were centered in Mexico; toner manufacturing was centered in Connellsville, Pennsylvania; and coated media/fax ribbon/correctible ribbon/OEM ink jet operations were centered in Rochester, NY.

7.     Debtor Nukote International, Inc., through its subsidiaries and affiliates, had multiple locations in several states in the United States and in Mexico. The Debtors operated their businesses from the following locations: executive and corporate headquarters located in Plano, Texas; administrative offices and coating operations located in Rochester, New York; a distribution center located in Franklin, Tennessee; accounting and customer service operations in Bardstown, Kentucky; toner manufacturing in Connellsville, Pennsylvania; a *maquilladora* manufacturing operation in Monterrey, Mexico;

a third party distribution center in Ventura, California; and distribution/sales/customer service office for European operations in Membury, UK.

8.    On or about June 12, 2009, the United States Trustee's Office formed the Official Committee of Unsecured Creditors (the "Committee").

9.    On January 4, 2010, the Bankruptcy Court for the Middle District of Tennessee, Nashville Division (the "Bankruptcy Court") confirmed the Debtors' First Amended Joint Plan of Reorganization (the "Plan").

10.    Pursuant to the Plan, the Trust was created to hold certain assets defined by the Plan as the "Trust Assets" for the benefit of the holders of Class 6, Class 9, and Class 10 Allowed Unsecured Claims (as that term is defined in the Plan) to, among other things, pursue Avoidance Actions[1].

## PARTIES

11.    Pursuant to the terms of the Plan, the Trust is designated to hold certain assets defined by the Plan for the benefit of certain holders of unsecured claims. Christopher J. Tierney of Hays Financial Consulting, LLC is the appointed trustee of the Trust and is duly authorized to commence this litigation based on the terms of a trust agreement implemented by the Plan.

12.    Defendant is Office Depot, Inc., a Delaware corporation.

13.    Defendant is the global leader in office supplies and business solutions.

## COUNT I – PREFERENTIAL TRANSFERS

14.    The allegations asserted in the above paragraphs are incorporated herein.

15.    Office Depot, Inc. provided office products and supplies to the Debtors.

---

[1] The term "Avoidance Actions" was defined by the Plan as "any claim or Cause of Action belonging to the Debtors and arising under the Bankruptcy Code including, but not limited to, §§ 544, 547, 548 and 550."

16.     During the ninety (90) days immediately preceding the Petition Date, the Debtors issued payments made to the order of the Defendant in the total amount of $15,108.61 (collectively, the "Transfers").  A description of the transfers is attached hereto as Exhibit A.

17.     The Transfers were made:

      a.     to or for the benefit of the Defendant;

      b.     for or on account of an antecedent debt owed by the Debtors before the Transfer was made;

      c.     on or within ninety (90) days before the Petition Date; and

      d.     while the Debtors were insolvent.

18.     The Transfers to the Defendant enabled the Defendant to receive more than it would have received if (i) the Debtors' Chapter 11 case was a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) the Defendant received payment of such antecedent debt to the extent permitted by the provisions of the Bankruptcy Code.

19.     The payments to the Defendant in the amount of the Transfers in consideration for and in repayment of the Debtors' indebtedness constitute a voidable preference pursuant to § 547(b) of the Bankruptcy Code, and the amount of the Transfers must be repaid by the Defendant to the Trust.

20.     The Defendant has not repaid the Transfers.

21.     Accordingly, the Trust is entitled to avoid and recover the Transfers to the Defendant pursuant to §§ 547 and 550 of the Bankruptcy Code.

## COUNT II – FRAUDULENT CONVEYANCES

22.     The allegations asserted in the above paragraphs are incorporated herein.

23.     One or more of the Transfers was not on account of an antecedent debt or a prepayment of goods subsequently received.

4

24. The Debtors did not receive reasonably equivalent value in exchange for such Transfers (the "Fraudulent Transfers"). Additionally:

    a.    The Debtors were insolvent at the time the Fraudulent Transfers were made, or became insolvent as a result of the Fraudulent Transfers; or

    b.    The Debtors were engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with one or more of the Debtors was an unreasonably small capital; or

    c.    The Debtors intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

25. The Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548.

## COUNT III – POST-PETITION TRANSFERS

26. The allegations asserted in the above paragraphs are incorporated herein.

27. The Trust alleges that the Debtors made one or more transfers to the Defendant on account of one or more obligations that arose prior to the Petition Date, but that cleared after the Petition Date, and that such transfers were unauthorized post-petition transfers avoidable under 11 U.S.C. § 549.

## COUNT IV – RECOVERY OF PREFERENTIAL TRANSFERS

28. The allegations asserted in the above paragraphs are incorporated herein.

29. As alleged above, the Trust is entitled to avoid the Transfers under 11 U.S.C. §§ 547, 548, and 549. As the Defendant is the initial transferee of the Transfers, the Trust is entitled to recover the proceeds or value of the Transfers under 11 U.S.C. § 550.

30. The Trust is entitled to an order and judgment under 11 U.S.C. § 550 that states that the Transfers are recoverable by the Trust on behalf of the Debtors, and that such Transfers shall be immediately paid to the Trust.

**WHEREFORE**, the Trust respectfully requests the entry of a judgment against the Defendant, and an Order (i) declaring that the Transfers and/or Fraudulent Transfers are avoidable pursuant to §§ 547, 548, and/or 549 of the Bankruptcy Code, and that the Trust is entitled to recover such transfers under § 550 of the Bankruptcy Code; (ii) compelling the Defendant to return not less than the full amount of the Transfers, together with interest; (iii) awarding the Trust its costs and reasonable attorneys' fees incurred in connection with the investigation and prosecution of the instant action; and (iv) awarding such other and further relief as this Court deems just and proper.

DATED: February 10, 2011           Respectfully submitted,


/s/ Griffin S. Dunham
Joseph Allen Kelly (jak@mglaw.net)
Griffin S. Dunham (gsd@mglaw.net)
MGLAW, PLLC
2525 West End Avenue, Suite 1475
Nashville, Tennessee  37203
615.846.8000
Fax: 615.846.9000

*Counsel for the NI Creditors' Trust*

| Entity on Check | Check/Wire Nbr | Invoice Nbr | Check Date | Check Amt |
|---|---|---|---|---|
| OFFICE DEPOT, INC.,(OH) | 350343 | 402781157-002 | 3/25/2009 | 4,529.58 |
| OFFICE DEPOT, INC.,(OH) | 350343 | 403644930-002 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 417104009-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 417104009-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 423387160-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 431011933-002 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 433217965-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 433217965-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 442961149-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 442961149-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 442961149-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 442961149-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 442961149-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443458357-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 443481796-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444331810-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444410774-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444410774-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444413906-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444479788-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444494360-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444494360-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444494360-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444706424-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444706424-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444706424-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444706424-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444706424-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859042-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859042-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859042-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859042-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859052-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 444859052-001 | 3/25/2009 | |

| Entity on Check | Check/Wire Nbr | Invoice Nbr | Check Date | Check Amt |
|---|---|---|---|---|
| OFFICE DEPOT, INC.,(OH) | 350343 | 445109388-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 445109388-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 445109388-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 445109388-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350343 | 445109388-001 | 3/25/2009 | |
| OFFICE DEPOT BSD | 350344 | 440724338-001 | 3/25/2009 | 556.58 |
| OFFICE DEPOT BSD | 350344 | 440724338-001 | 3/25/2009 | |
| OFFICE DEPOT BSD | 350344 | 440724338-001 | 3/25/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 443915241-001 | 4/24/2009 | 5,000.00 |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444702343-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444736781-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444736781-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444736981-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444736981-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444736981-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444819107-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444819107-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 444819107-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 445354738-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 445354738-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 445354738-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 445541069-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 445541069-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 446043485-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 446043485-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 446198785-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 446198785-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350609 | 446198785-001 | 4/24/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | 5,022.45 |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446043485-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446183891-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446183891-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446183891-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446657563-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446787032-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 446787032-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447066241-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447066241-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447066241-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447066241-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447066241-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |

**EXHIBIT A**

| Entity on Check | Check/Wire Nbr | Invoice Nbr | Check Date | Check Amt |
|---|---|---|---|---|
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447578540-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447583748-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447583748-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447583748-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447584045-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447670790-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447670790-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447670790-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447946536-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447946536-001 | 5/11/2009 | |
| OFFICE DEPOT, INC.,(OH) | 350851 | 447950211-001 | 5/11/2009 | |

$ 15,108.61